## McCormick v. The Gladys.[1]

(*District Court, E. D. New York.* April 18, 1888.)

1. COLLISION—STEAM AND SAIL—TOWS.

A collision occurred in the Hudson river, in broad daylight and fair weather, between a tow, bound down stream, and a schooner, bound up. The schooner was approaching the tow under jib alone, at a rate of about four miles an hour, whereas the tow thought she was at anchor, and consequently kept up her own speed and course towards the schooner until collision was imminent. *Held,* that the cause of the collision was want of proper lookout on the tow-boat, for which she was liable.

2. SAME.

When collision was imminent, the schooner was luffed into the wind, in an effort to stop her headway, and lessen the damage likely to ensue. *Held,* no fault on the part of the schooner.

In Admiralty. Libel for damages.

*Carpenter & Mosher,* for libelant.

*Wing, Shoudy & Putnam,* for the schooner.

BENEDICT, J. This is an action by the owner of the steam canal-boat Deland, and the canal-boat J. W. Brakey, to recover damages for a collision which occurred between the schooner Gladys and the canal-boat J. W. Brakey, laden with a cargo of corn, and at that time in tow of the Deland, bound down the North river above Stevens Point, on the westerly side of the Hudson river. The collision occurred in broad daylight, in fair weather. It was no doubt caused by a mistake on the part of those in charge of the tow, in supposing that the schooner Gladys, seen ahead of them, was at anchor, when in fact she was sailing under a jib, and approaching the tow at a speed of about four knots an hour. Under this mistake the tow kept up her speed and course towards the schooner, until a collision was imminent. When collision was imminent, and not before, the schooner was luffed into the wind, and her jib let go. This was not an effort on the part of the schooner to pass across the course of the tug, but simply an effort to stop the headway of the schooner, when keeping on would only tend to increase the damage caused by the collision. It was no violation of duty on the part of the schooner to come into the wind as she did. The obligation to hold her course had ceased; that duty had been performed. When the schooner came into the wind, it had become her duty to do all she could to lessen the damages likely to result, and luffing was the best course to accomplish such result. The luffing, therefore, was no fault on the part of the sailing vessel, and it did not cause the collision. The cause of the collision was the steam canal-boat's omission to take seasonable steps to avoid the sailing vessel, and the cause of her failure to do this was want of a proper lookout. The libel must be dismissed, and with costs.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.